**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monnie Ramsell, | No. CV-22-08124-PCT-SMB |
| Appellant, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Appellees. | |

This matter comes before the Court on appeal from a Bankruptcy Court Order. After reading and considering Appellant's Opening Brief (Doc. 12), the Response Brief (Doc. 13), and the Reply Brief (Doc. 14), the Court will affirm the decision of the Bankruptcy Court.

**I.  BACKGROUND**

Appellant appeals the Bankruptcy Court's July 5, 2022 Order. The Bankruptcy Court dismissed Appellant's Chapter 13 bankruptcy at oral argument on June 30, 2022 and by order on July 5, 2022. At the June 30, 2022 hearing, Appellant asked if the case was dismissed. The Bankruptcy Court told Appellant that it was the Court's decision to dismiss the bankruptcy and that dismissal would be effectuated by formal written order. Before the order was issued, Appellant filed an adversary proceeding. The Bankruptcy Court entered the dismissal Order on July 5, 2022, and in that same order dismissed the adversary proceedings. The Bankruptcy Court specifically found that the allegations raised by Appellant were addressed at the June 30, 2022 hearing. The Bankruptcy Court also found

that the principles of comity, fairness, issue preclusion, claim preclusion, and judicial economy warranted dismissal of the adversary proceedings. Appellant asked the Bankruptcy Court to reopen the adversary proceedings on July 11, 2022. The Bankruptcy Court denied Appellant's request two days later and again found that the issues raised in the adversary proceedings were the same issues resolved at the June 30, 2022 hearing.

## II.   LEGAL STANDARD

The Court has jurisdiction to review final orders by the bankruptcy court. 28 U.S.C. § 158(a). Dismissal of an adversary action is an appealable order. *Bell v. Internal Revenue Serv.*, No. 00-1758-PHX-RCB, 2001 WL 522318, at *1 (D. Ariz. Apr. 9, 2001). The Court reviews the decision declining to retain jurisdiction over adversary proceedings after dismissal of the underlying bankruptcy for abuse of discretion. *In re Fuentes*, No. AP 22-05018, 2023 WL 1466600, at *2 (B.A.P. 9th Cir. Feb. 2, 2023).

## III.   DISCUSSION

Appellant argues the Bankruptcy Court erred when it dismissed the Adversary Complaint *sua sponte* and without scheduling a hearing. Appellant first dedicates many pages to argue the Bankruptcy Court had jurisdiction over the Adversary Complaint. Appellee does not address these arguments, though the Court finds them irrelevant. The Bankruptcy Court did not dismiss the adversary proceedings because it lacked jurisdiction. Rather, the Bankruptcy Court dismissed the adversary proceedings because maintaining jurisdiction was discretionary. Therefore, the Court will proceed under the understanding that the Bankruptcy Court had jurisdiction over the adversary proceedings.

Appellant next argues that the Bankruptcy Court abused its discretion in dismissing the adversary complaint without a hearing. Appellant argues a hearing was required under due process. The Court disagrees and finds that the Bankruptcy Court did not abuse its discretion by acting to *sua sponte* dismiss the adversary proceedings. *See In re Sitanggang*, No. 12-20905-MH, Adv. No. 12-01168-MH, 2013 WL 5737703, at *5 (B.A.P. 9th Cir. Oct. 22, 2013) ("[W]e conclude that the bankruptcy court did not abuse its discretion by ruling on a sua sponte basis.").

Additionally, the Court finds that the Bankruptcy Court did not abuse its discretion in dismissing the adversary proceedings based on the substance. The Bankruptcy Court must consider four factors when deciding whether to retain jurisdiction of an adversary proceeding: judicial economy, fairness, convenience, and comity. *Id.* at *3. The July 5, 2022 Order declared the Bankruptcy Court considered those factors and found they warranted dismissal of the adversary proceedings. Appellant did not specifically challenge any of these factors or articulate that any of the Bankruptcy Court's findings were incorrect.

The adversary proceeding Appellant filed on July 1, 2022, was another attempt by Appellant to challenge Appellees' claim against the property. Appellant asked the Bankruptcy Court to determine "the validity, priority, and extent of the lien and other interest claimed by Defendant." (Doc. 12-1 at 13.) The Bankruptcy Court found that these allegations were addressed at the June 30, 2022 hearing. The Court agrees and finds Appellant had an opportunity to be heard on the issues raised in the adversary proceedings. The Bankruptcy Court discussed with Appellant that the validity of the claim had already been established in the state court. (Doc. 12-2 at 6–8). The Bankruptcy Court then discussed the state court litigation history with counsel for Appellees. (Doc. 12-2 at 29–35.) After that discussion, the Bankruptcy Court asked Appellant if she agreed Appellees' counsel was right—Appellant so agreed. (Doc. 12-2 at 44.) Based on the above discussion between Appellant and the Bankruptcy Court, the Bankruptcy Court did not abuse its discretion in finding the adversary proceedings should be dismissed based on issue preclusion and claim preclusion.

**IV.    CONCLUSION**

**IT IS ORDERED** affirming the Bankruptcy Court's July 5, 2022 Order dismissing the adversary proceedings.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 1st day of August, 2023.

Honorable Susan M. Brnovich
United States District Judge

- 3 -